IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMER SPORTS WINTER & OUTDOOR )
COMPANY, )
 )
 Plaintiff, )
 )
 v. ) No. 10 C 1534
 )
NORDICA U.S.A. CORP., )
 )
 Defendant. )

## MEMORANDUM OPINION AND ORDER

Nordica U.S.A. Corp. ("Nordica") has filed its Answer, Affirmative Defenses ("ADs") and Counterclaims to the First Amended Complaint ("FAC") by which Amer Sports Winter & Outdoor Company ("Amer Sports") has charged Nordica with infringement of two patents on ski boots. Nordica's pleading is extraordinarily turgid (almost as though its counsel was seeking to make the pleading itself the subject of a patent application), and this sua sponte memorandum opinion and order calls for Nordica's counsel to return to the drawing board to produce a less unwieldy work product.

For one thing, a number of the Answer's paragraphs follow disclaimers, expressed in the terms prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5), with outright denials of the FAC's disclaimed allegations (Answer ¶¶1, 2, 5, 6, 10 and 13). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in

accordance with Rule 11(b)?  Accordingly all of those denials are stricken from those paragraphs of the Answer.

Next, Nordica's counsel has focused a couple of those Rule 8(b)(5) disclaimers on counsel's purported inability to understand certain of the FAC's allegations.  But does counsel really need "clarification" of the term "inter alia" (Answer ¶2)?  And in Answer ¶¶10 and 13, although Amer Sports' counsel has inartfully used the term "their infringement" rather than "its infringement" in speaking of Nordica's assertedly wilful and deliberate infringement of the two patents, can Nordica's counsel really advance a lack of any "belief about the truth as to what the term 'their' refers to"?  How is the cause of notice pleading, which is incumbent on counsel for plaintiffs <u>and</u> defendants alike, served by such nitpicking claims of a lack of understanding?

Next, both Answer ¶¶6 and 7 deny that the respective patents referred to in the FAC were "duly and legally issued."  That seems puzzling, because there is nothing to suggest that the patents were not <u>duly</u> issued--and as for "legally," it would not seem that the legality of the patents' <u>issuance</u> is called into question by the categories of claimed invalidity that Nordica asserts.  If Nordica's counsel means to convey nothing more than its own assertions of invalidity, albeit via a different

2

locution, rather than simply being overly hypertechnical,[1] that addition of a figurative pleading belt to pleading suspenders would seem to accomplish nothing constructive.

As for the ADs, this Court finds all six of them to be problematic. Here are the issues that they pose:

    1. AD 1 violates the basic concept of an AD (see Rule 8(c) and App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) by expressly contradicting allegations of the FAC, which must be taken as true for AD purposes. Nordica loses nothing by the elimination of that AD, for it has already put the matters it cites in issue by its denials contained in the Answer. AD 1 is accordingly stricken.

    2. ADs 2, 3 and 4, to the extent that they simply state in a conclusory fashion that the patents at issue fail to comply with statutory requirements, are insufficiently informative as a matter of notice pleading. This opinion does not mean to suggest that those defenses are lacking in merit (a subject on which this Court has no basis for judgment and therefore expresses no view)--it is rather that

---

[1] In the same respect, those same paragraphs assert that certain documents "appear to be attached" to the FAC, when it is perfectly obvious to the reader that those documents are indeed attached. Does Nordica's counsel really mean to suggest that Amer Sports has fabricated bogus documents and foisted them on Nordica and this Court?

3

those ADs need to be fleshed out if they are to be advanced at all.

3. AD 5 is totally speculative, for it asserts "[u]pon information and belief" what it might perhaps expect to "be shown upon a reasonable opportunity for further investigation and discovery." No such presently unsupported claim of impropriety before the Patent Trademark Office should be asserted in those terms. AD 5 is also stricken.

4. Lastly, AD 6 simply sets out a boilerplate repetition of several of the potential ADs itemized in Rule 8(c). Here too the principles of notice pleading have been violated. Hence AD 6 is also stricken, but without prejudice to the possible reassertion of one or more of the listed grounds if appropriately supported.

Finally a few words are in order about Nordica's Counterclaims. This Court is of course familiar with the frequent practice of a defendant's seeking a declaratory judgment as the mirror image of a patent infringement action, and such a declaratory counterclaim may often serve an appropriate purpose. In this instance, however, it looks on the surface as though a full-fledged litigation of the FAC would do the job without the Counterclaims being added to the mix. Although no ultimate view on that subject is expressed here, Nordica's counsel should consider the matter in connection with the repleading that will

4

next be ordered here.

In summary, Nordica's entire responsive pleading is stricken to permit the submission of a self-contained Amended Answer together with ADs and perhaps Counterclaims. That replacement pleading must be filed on or before July 15, 2010.

No charge is to be made to Nordica by its counsel for the added work and expense incurred in correcting the flaws identified here. Nordica's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 28, 2010